IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COMMODORE JACKSON, ) | |
| No. R59842, and ) | |
| DARNELL CARRAWAY, ) | |
| No. B88079, ) | |
| ) | |
|       Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00776-MJR |
| ) | |
| SPILLER, ) | |
| NORMAN, ) | |
| GAETZ, ) | |
| T. BRYANT, ) | |
| IDOC FOOD SERVICES, ) | |
| C/O HICKS, and ) | |
| SGT. JOHN DOE, ) | |
| ) | |
|       Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      Plaintiffs Commodore Jackson and Darnell Carraway, inmates in Pontiac Correctional Center, bring this action for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983.[1]  Jackson and Carraway, who were previously housed at Pinckneyville Correctional Center ("Pinckneyville"), take issue with the practice at Pinckneyville of serving brunch and dinner, rather than breakfast, lunch and dinner.  They contend that the quantity and quality of the food served provided inadequate nutrition, particularly for inmates like Jackson, who are on lacto-ovo vegetarian diets for religious reasons.

---

[1] The case caption indicates that Jackson, Carraway and "all listed inmates who signed petition" [sic] are intended plaintiffs.  The complaint also indicates that all inmates in segregation at Pinckneyville Correctional Center who authorized an unidentified grievance are also intended plaintiffs, as evidenced by an unspecified attachment (presumably Doc. 1, p. 28).  For reasons discussed elsewhere in this order, these other inmates are not proper plaintiffs.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, beginning on August 12, 2013, inmates in segregation at Pinckneyville were served only brunch and dinner, rather than breakfast, lunch and dinner. Thus, they are denied "the most important meal of the day," breakfast.

Citing the World Almanac Book of Facts, Plaintiffs assert that for adequate nutrition a sedentary individual needs a daily intake of 2,400-2,600 calories, but Assistant Warden Norman is of the mistaken belief that only 1,800 calories are required. A detailed food diary is

incorporated into the complaint, which Plaintiffs assert illustrates that segregation inmates are not receiving adequate nutrition—particularly inmates on special or restricted diets. In addition, the heavy reliance upon soy-based foods allegedly exacerbates nutrition and health problems. Plaintiff Jackson's situation is cited as an example. Jackson claims that the "brunch diet" has caused him to lose an unspecified but "massive" amount of weight, and led to depression.

Relative to the seven named defendants, the complaint specifically alleges that the IDOC Food Services Administrator is the author of the stingy brunch diet scheme and master menu that do not comply with federal nutritional requirements. Dietary Manager T. Bryant, who as a dietician know the risks of an inadequate diet, allegedly failed to notify inmates in advance that the brunch diet was going to be implemented, and then proceeded with the unhealthy diet. C/O Hicks was informed of the lack of "necessities," but did nothing. It is also alleged that the "state/Department" failed to respond to grievances.

It is further alleged that Sgt. John Doe would deny inmates their meal if they were caught talking to their neighbors on the gallery before the 4:00 AM meal—which appears to be the former breakfast meal.

Plaintiffs characterize the imposition of the brunch diet as deliberate indifference to their health, in violation of their rights under the Eighth Amendment. They seek declaratory and injunctive relief, as well as compensatory and punitive damages. In terms of injunctive relief, Plaintiffs ask that the IDOC Food Services Administrator, Warden Spiller and Dietary Manager T. Bryant be permanently enjoined from serving brunch, and be ordered to ensure that all meals are nutritionally balanced and adequate.

Based on the allegations in the complaint, the Court finds it convenient to recognize a single overarching count:

> **Count 1: All Defendants were deliberately indifferent to the health and nutritional needs of Plaintiffs Jackson and Caraway while they were housed at Pickneyville Correctional Center, in violation of their rights under the First Amendment.**

Any other claims Plaintiffs may have intended to pursue should be considered inadequately pleaded and dismissed without prejudice.

## Discussion

### The Plaintiffs

As a preliminary matter, who is a plaintiff must be clarified. The caption of the complaint lists Commodore Jackson, Darnell Carraway and "all listed inmates who signed the petition" as plaintiffs. The complaint is actually only signed by Jackson, although Carraway has filed a motion for leave to proceed *in forma pauperis* (Doc. 6).

There is no reason to believe Jackson is an attorney. Federal Rule of Civil Procedure 11(a) requires each party or his attorney to sign the complaint and all other pleadings. Although individuals may represent themselves in federal court, *pro se* litigants and non-lawyers cannot represent other individuals or corporations. *Nocula v. Tooling Systems International Corp.*, 520 F.3d 719, 725 (7th Cir.2008) ("corporations cannot appear pro se, and one pro se litigant cannot represent another") (citations omitted). Therefore, Jackson cannot proceed as though he is representing anyone other than himself.

Not only must each plaintiff sign the complaint, each must also pay the $400 filing fee ($350 for those granted pauper status). *See Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004). Each plaintiff's individual obligation to pay the filing fee for this action was, theoretically, incurred at the time the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v.*

*Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). However, because the complaint was signed only by Plaintiff Jackson, the filing fee will not automatically be assessed against each plaintiff. Rather, only Jackson is deemed liable for the fee at this point in time.

For these reasons, Darnell Carraway and all other potential plaintiffs mentioned in the case caption will be dismissed without prejudice. Carraway's motion for leave to proceed as a pauper (Doc. 6) will be denied as moot.

**The Brunch Diet**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. U.S. CONST. amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). The denial of food is not a *per se* constitutional violation; rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"). In a similar vein, prison officials can violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Thus, the allegations of inadequate nutrition over a prolonged period of time,

resulting in adverse health effects, present a colorable Eighth Amendment claim, but that does not end the necessary analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Thus, the doctrine of *respondeat superior*—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 615 (7th Cir. 2002). "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). "An official satisfies the personal responsibility requirement of [Section] 1983 if she acts or *fails* to act with a deliberate or reckless disregard of the plaintiff's constitutional rights." *Crowder v. Lash,* 687 F.2d 996, 1005 (7th Cir.1982) (emphasis added); *Fillmore v. Page*, 358 F.3d 496, 505 -506 (7th Cir. 2004). With all that said, merely knowing about a constitutional violation and failing to cure it is generally insufficient; only persons who cause or participate in the violations are responsible. *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir. 2005); *see also Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006), *overruled on other grounds, Hill v. Tangherlini,* 724 F.3d 965, 967 n. 1 (7th Cir. 2013).

The complaint alleges that Assistant Warden Norman incorrectly believed that a 1,800 calorie diet was nutritionally sufficient. At best this indicates negligence, not deliberate indifference. Furthermore, there are no allegations that Norman played a role in fashioning the brunch diet scheme, and he cannot be held liable merely because of his supervisory position. Therefore, Assistant Warden Norman will be dismissed without prejudice.

Warden Gaetz is not mentioned in the narrative of the complaint. He cannot be held liable merely because he was at some point in time the warden of Pinckneyville. Warden Gaetz will, therefore, be dismissed without prejudice.

It is alleged that Plaintiff Jackson told C/O Hicks about the lack of "necessities," "due to several requests] for indigent supplies and disregarded Plaintiff's need for the basic human needs." (Doc. 1, pp. 18-19). This vague allegation suggests that C/O Hicks must have drawn an inference that Jackson was denied adequate nutrition. As pleaded, this allegation fails to state a plausible constitutional violation under the *Twombly* pleading standard. C/O Hicks will, therefore, be dismissed without prejudice.

The allegation that Sgt. John Doe denied inmates their breakfast if they were caught talking does not state a constitutional violation. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 671 (7th Cir. 2012) (allegation of the occasional missed meal, alone, does not rise to the level of a constitutional violation). Furthermore, there is no indication that Sgt. Doe denied Plaintiff Jackson any meals. Therefore, Sgt. John Doe will be dismissed without prejudice.

It is alleged that the IDOC Food Services Administrator and Pinckneyville's Dietary Manager, T. Bryant, are both dieticians aware of the nutritional requirements for good health,

and they both had a role in the design and/or implementation of the brunch diet scheme.  This is sufficient to state a colorable Eighth Amendment claim against each of those defendants.

Relative to Warden Spiller, there are no allegations of personal involvement, but insofar as injunctive relief is sought, he would be a proper defendant.  *See Gonzalez v. Feinerman*, 663 F.3d 3111, 315 (7th Cir. 2011) (the proper defendant in a claim for injunctive relief is the government official responsible for ensuring such a remedy is carried out).   With that said, the propriety of injunctive relief must be discussed further.

**Injunctive Relief**

Warden Spiller, in his official capacity, is the proper defendant for purposes of any injunction that might be ordered.  However, according to the complaint, Plaintiff Jackson—the only plaintiff at this juncture—is no longer housed at Pinckneyville Correctional Center.  Therefore, that aspect of the prayer for relief must be denied as moot.  Declaratory judgment and compensatory and punitive damages remain available remedies.  Consequently, Warden Spiller will be dismissed without prejudice.

**IT IS HEREBY ORDERED** that, for the reasons stated, **DARNELL CARRAWAY** and **ALL OTHER POTENTIAL PLAINTIFFS** are **DISMISSED** without prejudice.  Carraway's motion for leave to proceed as a pauper (Doc. 6) is **DENIED AS MOOT**.  No filing fees will be assessed against these dismissed Planitiffs.

**IT IS FURTHER ORDERED** that **WARDEN SPILLER**, **WARDEN GAETZ**, **ASSISTANT WARDEN NORMAN**, **C/O HICKS** and **SGT. JOHN DOE** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Jackson's Eighth Amendment claims against **IDOC FOOD SERVICES ADMINISTRATOR** (who is not yet identified by name), and **DIETARY MANAGER T. BRYANT** shall otherwise **PROCEED**.

The Clerk of Court shall prepare for Defendant **DIETARY MANAGER T. BRYANT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the unidentified **IDOC FOOD SERVICES ADMINISTRATOR** until such time as Plaintiff has identified that official by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

If Defendant Bryant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant **DIETARY MANAGER T. BRYANT** is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk

of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 29, 2014**

                                                s/ *Michael J. Reagan*
                                                **MICHAEL J. REAGAN**
                                                **UNITED STATES DISTRICT JUDGE**